**FILED**
JUL 11 2012
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In Re: Stephen Thomas Yelverton

Debtor/Plaintiff

Case No. 09-00414
Chapter 11
Adversary Proceeding No. 12-10002

Alexandra N. Senyi de Nagy-Unyom

No. 12-10011

Creditor/Defendant

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Comes now, Defendant/Creditor, Alexandra N. Senyi de Nagy-Unyom ("Senyi"), Pro Se, pursuant to SCR-Civ 56 (a) and 11 USC Section 523 (a) and Rules 4007 and 7001 of the Federal Rules of Bankruptcy Procedure, and herby moves the Court for Summary Judgment against Plaintiff/Debtor Stephen Thomas Yelverton ("Yelverton"), on Plaintiff's Complaint to determine dischargeability.

## STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO DISPUTE

1. The Parties signed a Pre-Nuptial Agreement on September 29, 2006, in presence of a Notary Public in Hamilton, Bermuda. The Parties were lawfully married on September 30, 2006, in Bermuda. *( See Exhibit I )*

2. The Parties have been legally separated since April 15, 2008.

3. Senyi has filed for a dissolution of the marriage on October 28, 2008. In addition, the Parties filed an Uncontested Praecipe on October 28, 2008.

4. The hearing for an uncontested divorce took place on December 12, 2008 before Judge Linda Kay Davis and Yelverton contested the divorce despite an contested Praecipe and a Separation Agreement.

5. The Superior Court of the District of Columbia entered on August 11, 2010, *"Findings of Fact, Conclusions of Law and a Judgment of Absolute Divorce"* for Alexandra N. Senyi de Nagy-Unyom and Stephen Thomas Yelverton. *(See Alexandra N. Senyi de Nagy-Unyom v. Stephen Thomas Yelverton, Docket No. 2008 DRB 3258) (Exhibit II)*

6. The Judgment states on page 33 "...*the Court concludes that the Defendant is liable for $17,000.00 per month for alimony as per the Agreement, and is obligated to start alimony as of the date of this Order. He is also liable for any arrearages on his obligation of $7,000 per month in marital support to Plaintiff...*".

7. The Judgment further states on page 33 and 34 " *ORDERED, ADJUDGED AND DECREED that ...the Pre-nuptial Agreement between the Parties dated September 29, 2006 is valid concerning monthly income, spousal support, alimony and life insurance to the extent that it*

*exists as listed in the bankruptcy proceedings...".* **In addition, the Judgment underlines that the Defendant is not entitled to a return of any funds from the Plaintiff.**

8. **The Pre-nuptial Agreement was drafted solely by the Defendant and the document says so on page five.** *"This Agreement was drafted by Stephen T Yelverton, an attorney at law, admitted to practice in the District of Columbia".*

9. **The Judgment on Page 19 states** *"Marital Agreements are generally recognized and enforced in the District of Columbia.* **Duffy v. Duffy, 881 A.2d. 630 ( D.C. 1989); Spencer v. Spencer, 494 A. 2d 1279, 1285 (D.C. 1985).** *Parties will be held to their agreement, absent fraud, duress, concealment or overreaching even when the agreement appears to be foolish or ill advised. Substantial evidence supports the Court's determination that Defendant entered into the Agreement voluntarily and not under duress."* **On page 20** *" Defendant is an attorney and experienced businessman who drafted the Pre-Nuptial Agreement including the changes made by Plaintiff and acknowledges in emails that the Agreement would protect Plaintiff under D.C. law".*

10. **In addition, Yelverton solely drafted two Employment Contracts (March 1, 2007 and March 1, 2008).** *( See Exhibit III + IV)*

11. **Yelverton also drafted several Promissory Notes, in particular one on April 2, 2008, relating to the proceeds of a potential sale of Yelverton Farms.** *( See Notarized Promissory Note by Yelverton, April 2, 2008) (Exhibit V)*

12. **All of these documents have served as evidence in the Superior Court Trial conducted on June 23, 2010 and may serve as evidence in the Bankruptcy Court, as demonstrated by Senyi's Proof of Claim filed on September 1, 2009 and October 15, 2010.** *(See Exhibit XVII)*

13. **Creditor Senyi submitted a Proof of Claims on September 1, 2009 for a total amount**

of $649,600 Dollars, and submitted an Amended Proof of Claims on October 15, 2010, for $612,600 Dollars according to the *"Findings of Fact, Conclusions of Law and Judgment of Absolute Divorce"*, entered in the Superior Court of the District of Columbia, August 11, 2010. *(See Exhibit VI+ VII)*

14. The Amended Proof of Claim comprises monetary claims for outstanding spousal support of $329,000 Dollars, for outstanding salary of $140,000 Dollars, for a promissory note regarding the sale of Yelverton Farms in the amount of $100,000 Dollars, for outstanding rent of $26,600 Dollars and one month of alimony payments for $17000 Dollars.

15. The <u>total amount of claims</u>, including accrued alimony (21x 17000 : October 2010 to July 2012 = $357,000 Dollars), as of July 11, 2012 is <u>$ 952,600 Dollars (nine hundred fifty two thousand and six-hundred Dollars)</u>.

16. Until July 11, 2012, Debtor Yelverton has abstained to make payments of alimony or spousal support or salary.

17. The Debtor was granted a General Discharge on December 3, 2010.

18. On December 9, 2011 and February 13, 2012, The Superior Court issued an Order stating that " *In the Judgment, the Court ruled that the parties' pre-nuptial agreement was a valid and enforceable contract. The pre-nuptial agreement was neither merged, nor incorporated, into the Judgement. Furthermore, the Court interpreted the pre-nuptial agreement to require payment of alimony by Defendant Yelverton to Plaintiff Senyi in the amount of $17,000 per month. ...Defendant Yelverton requests a hearing in order to show the Court how he is literally unable to pay the alimony he contracted to pay in his pre-nuptial agreement. He essentially argues that the Court should not enforce its August 2010 Judgment because he does not have the funds to pay alimony because of his bankruptcy. ... the fact that Defendant Yelverton filed for*

*bankruptcy is not a substantial change in circumstance. This fact was know to the Court when Judgment was entered as bankruptcy began in 2009, a year before the Judgement was final. The Court, in a 35-page Judgement, carefully analyzed the Defendant's ability to comply with the pre-nuptial agreement that he personally drafted... Defendant Yelverton had a right to appeal the Judgment to a higher Court, but decided not to do so. ... The Judgment is now final." (See Exhibit VIII +IX)*

19. On April 2, 2012, the Bankruptcy Court dismissed the Amended Complaint regarding dischargeability and state law claims, filed on January 6, 2012, by the Debtor and directed the Debtor to file a separate complaint only in regard to dischargeability.

## ARGUMENT AS TO NON-DISCHARGEABILITY OF CLAIMS

20. Defendant Senyi argues that she is entitled to a determination that monetary obligations owed by the Debtor to her constitute a non-dischargeable debt under 11 USC Section 523 (a) (2) B, for the following reasons.

21. The Debtor assured Senyi that he would be willing to pay all outstanding monetary claims and more based on the Pre-marital Agreement of September 29, 2006 that he solely drafted and the Judgment of Divorce of August 11, 2010, confirming the Pre-Marital Agreement. Several email conversations from the Debtor attest to the intention of Debtor Yelverton to comply with prior Agreements and the Judgment of August 11, 2010. *(See Email by Stephen T. Yelverton, on Wednesday, August 18, 2010, Email on Monday, September 26, 2011, Email on Wednesday, October 5, 2011, Email on Tuesday, December 13, 2011, Email on Tuesday, June 19, 2012+ Wednesday, June 20, 2012) (Exhibits X, XI, XII, XIII, XIV)*

22. The Debtor repeatedly represented to the Superior Court that *"Defendant Yelverton has no objection to the payment of alimony and support to Plaintiff Senyi as long as it is within his financial means." (See Motion for Reconsideration by Stephen T. Yelverton, filed September 20, 2011). (Exhibit XV)*

23. It appears that with a settlement for Yelverton Farms in North Carolina, Yelverton/ the Debtor Estate would have means to cover monetary obligations to Senyi.

24. In the Debtor's Amended Disclosure Statement for Plan of Reorganization, filed with the Bankruptcy Court on July 14, 2010, the Debtor expressly states that *"she (Senyi) is owed $7,000, per month in marital support under the terms of the Pre-Nuptial Agreement. Also, Ms. Senyi would be paid $10,000, per month in salary from Yelverton Law Firm, P.L.L.C., if she performs the required work." (See Debtor's Amended Disclosure Statement for Plan of Reorganization, Paragraph 41) (Exhibit XVI)*

25. Thus the Debtor published written statements with the intent to deceive Defendant.

26. Defendant Senyi reasonable relied on the repeated statements in writing as to Debtor's intention to honor all Agreements with Defendant.

27. Debtor has acted in bad faith and with intentional wrong and his actions constitute moral turpitude.

28. Defendant Senyi is entitled to a determination that monetary obligations owed by the Debtor to her constitute a non-dischargeable debt under 11 USC Section 523 (a) (6), for the following reasons.

29. As an attorney and businessman, the Debtor's conduct in making false representations was willful and malicious and was undertaken with the intent to defraud Defendant. *See Judgment, Page 12 " Defendant (Yelverton), a lawyer and businessman, drafted*

*the Pre-Nuptial Agreement which he advised the Plaintiff (Senyi) was judgment proof"*. **On page 23:"** *All communications between Plaintiff and Defendant indicate that is was the intent of Defendant Yelverton to ensure that Plaintiff was cared for during and after the marriage and advised her that he had drafted a contract that would be upheld in the District of Columbia".*

**30. Defendant Senyi is entitled to a determination that monetary obligations owed by the Debtor to her constitute a non-dischargeable debt under 11 USC Section 523 (a) (5), because they constitute domestic support obligations.**

**31. Defendant Senyi is entitled to a determination that monetary obligations owed by the Debtor to her constitute a non-dischargeable debt under 11 USC Section 523 (a) (11), for the following reasons.**

**32. The claim is based upon a Judgment of Absolute Divorce entered in the Superior Court of the District of Columbia on August 11, 2012.** *(See Alexandra N. Senyi de Nagy-Unyom v. Stephen Thomas Yelverton, Docket No. 2008 DRB 3258).*

**33. In awarding the Judgment of Absolute Divorce, Findings of Fact and Conclusions of Law, the Superior Court upheld the validity of the Pre-Nuptial Agreement entered into between Debtor and Defendant.**

**34. On page 24 the Judgment reads "** *Of particular importance in the Court's assessment of the contract's validity is the fact that Defendant himself drafted the Agreement with full knowledge of its contractual and financial demands. Testimony and exhibits indicate that Defendant intended to be bound  by the Agreement, and testimony and exhibits indicate that Defendant assured Plaintiff that the Agreement was litigation-proof and would protect her interests, which seemed to be his main concern."*

## **CONCLUSION**

Wherefore, Defendant/Creditor Senyi prays that

(a)  this Court grant Senyi's Motion for Summary Judgment and declare non-dischargeable the claims and monetary obligations of Plaintiff Yelverton, and

(b)  enter an Order finding Plaintiff liable for monetary obligations incurred under a Premarital Agreement, two Employment Contracts, a Promissory Note and a Judgment of Absolute Divorce.

(c )  the Court make Findings of Fact and Conclusions of Law, in addition to granting the Motion for Summary Judgment.


Respectfully submitted,    July 11, 2012

*[signature]*
**Alexandra N. Senyi de Nagy-Unyom**
c /o Sally Turbyville
1260 21 street NW, Apt 901
Washington, D.C. 20036

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this July 11, 2012, by mail or email, on Mr. Stephen Thomas Yelverton and Mr. Wendell W. Webster, Chapter 7 Trustee.

*/s/ Alexandra N. Senyi de Nagy-Unyom*
Alexandra N. Senyi de Nagy-Unyom