UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
**JUL 11 2012**
Clerk, U.S. District and
Bankruptcy Courts

| | | |
|---|---|---|
| Stephen Thomas Yelverton | ) | |
| Debtor/ Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 09-00414 |
| | ) | Chapter 7 |
| | ) | |
| Alexandra Senyi de Nagy-Unyom | ) | Adversary Proceeding No. 12-10011 |
| | ) | |
| Creditor/Defendant | ) | |

## MOTION FOR SUMMARY JUDGMENT

Comes Now, Debtor Stephen Thomas Yelverton, pursuant to 11 U.S.C. 523 (a)(5) and (15), 11 U.S.C. 727 (a), and Fed. R. Bankr. P., Rule 4007 (a), (b), and (e), and Fed. R. Civ. P., Rule 56, and hereby requests Summary Judgment that the Proof of Claims by Creditor Alexandra Senyi de Nagy-Unyom, and all monetary debts and claims by her, prior to August 20, 2010, were Discharged on December 3, 2010.

### Statement of Material Facts that Cannot Reasonably be Disputed

1. Creditor Senyi submitted on October 15, 2010, in Claim No. 31-1, a Proof of Claim in the amount of at least $612,600, against Debtor Yelverton, which mostly arises from their Pre-Marital Agreement, dated September 29, 2006. This Proof of Claim superseded and replaced a Proof of Claim filed by her on or about September 21, 2009.

2. In Order, entered December 30, 2009, the Bankruptcy Court lifted the Automatic Stay on Case No. 2008 DRB 003258 and allowed it to go forward in the Superior Court for resolution. It did not lift the Stay as to enforcement of a monetary judgment against Debtor Yelverton, and requires it to be enforced in the Bankruptcy Court under the provisions of Title 11 for protection of the Debtor.

3. In Judgment, entered August 11, 2010, in Case No. 2008 DRB 003258, the Superior Count found Debtor Yelverton liable for monetary claims arising from the Pre-Marital Agreement, dated September 29, 2006. However, in Order, entered December 9, 2011, the Superior Court ruled that the Pre-Marital Agreement and claims thereto were not ratified, merged into, or incorporated into a divorce decree, and thus were not court-ordered domestic support obligations, but rather a private contract. This ruling was reaffirmed in Order, entered February 17, 2012. Judicial Notice may be taken of these Orders from the Superior Court. See, Federal Rules of Evidence, Rule 201.

4. On June 4, 2012, the D.C. Court of Appeals Remanded Case No. 2008 DRB 003258 to the Superior Court to make a final determination as to a comprehensive property settlement between the parties under D.C. Code, Section 16-910, without reliance upon the Pre-Marital Agreement, dated September 29, 2006. See, attached.

5. Debtor Yelverton was granted on December 3, 2010, a General Discharge from his monetary debts, liabilities, and obligations, arising prior to his Petition.

### Arguments in Support of Dischargeability

6. Pursuant to 11 U.S.C. 523 (a)(5) and (15), 11 U.S.C. 727 (a), and Fed. R. Bankr. P., Rule 4007 (a), (b), and (e), Debtor Yelverton requests a determination that all his monetary debts, liabilities, and obligations to Creditor Senyi, or for her benefit, arising from contracts and agreements prior to the Petition on August 20, 2010, including the Pre-Marital Agreement, dated September 29, 2006, are Discharged.

7. The burden of proof is on the party seeking Non-Dischargeability, with the presumption that a Discharge is favored. In Re Silberfein, 138 B.R. 778, 780 (Bkrtcy. S.D.N.Y. 1992); Grogan v. Gardner, 498 U.S. 279, 287 (1991).

8. Exceptions to Discharge are to be "strictly construed against the Creditor and liberally in favor of the Debtor." In Re Ginzl, 430 B.R. 702, 707 (Bkrtcy. M.D. Fla. 2010).

9. Under 11 U.S.C. 523 (a)(5) and (a)(15), debts arising from a divorce decree or separation agreement are excepted from Discharge. In Re Bulman, 123 B.R. 24, 26 (Bkrtcy. E.D. Va. 1990); In Re Ianke, 185 B.R. 297, 300 (Bkrtcy. E.D. Mo. 1995); Matter of Crosswhite, 148 F.3d 879, 881 (7th Cir. 1998); In Re Dumontier, 389 B.R. 890, 896 (Bkrtcy. D. Mont. 2008); In Re Phegley, 443 B.R. 154, 157 (8th Cir. BAP 2011); In Re Taylor, 455 B.R. 799, 808 (D.N.M. 2011); Collier on Bankruptcy, Section 523.11 [3].

10. Where there is a ratification, merger, or incorporation of the claims and payments into a final decree of divorce, they are Non-Dischargeable under 11 U.S.C. 523 (a)(5) and (a)(15). In Re Ginzl, id., 408 B.R., at 703.

11. In determining Dischargeability, the intent of the divorce court must be considered, and state law may be looked to for guidance. In Re Foiles, 176 B.R. 420, 422 (Bkrtcy. E.D. Va. 1994); In Re Hodges, 139 B.R. 846, 848 (Bkrtcy. N.D. Ohio 1991). The "only relevant intention is that of the state court, and the Bankruptcy court's function is limited to an examination of the state court's purposes." In Re Nero, 323 B.R. 33, 38 (Bkrtcy. D. Conn. 2005).

12. Accordingly, Summary Judgment must be granted in favor of Debtor Yelverton and all the claims of Creditor Senyi, including the Pre-Marital Agreement, dated September 29, 2006, found to be Discharged. The Superior Court determined that it and other contracts and agreements with her were not ratified, merged into, or incorporated into the decree of divorce, and thus were "private" contracts.

3

WHEREFORE, in view of the foregoing, Debtor Yelverton requests the following relief:

That he be found to be Discharged under 11 U.S.C. 727 (a) of all monetary debts, liabilities, and obligations to Creditor Senyi, or for her benefit, arising from contracts, agreements, or otherwise prior to the Petition on August 20, 2010, including the Pre-Martial Agreement, dated September 29, 2006, but provided however that Debtor Yelverton may make Voluntary payments to her under these contracts and agreements, and provided that any statutory support obligations by Debtor Yelverton, and any property settlement between them, pursuant to D.C. Code, Section 16-910, would be Non-Dischargeable under 11 U.S.C. 523 (a)(5) and (15).

This the 11th day of July, 2012.

Respectfully submitted,

Stephen Thomas Yelverton, Pro Se
D.C. Bar No. 264044
601 Pennsylvania Ave., N.W., Suite 900 South
Washington, D.C. 20004
Tel. 202-702-6708
Fax: 202-403-6708
Email: styelverton@yelvertonlaw.com

Certificate of Service

I, Stephen Thomas Yelverton, Esq., hereby certify that on the 11th day of July, 2012, I have served this Motion for Summary Judgment by U.S. Mail, first class, postage prepaid, to the following:

Alexandra Senyi de Nagy-Unyom, Creditor/Defendant Pro Se
1260 21st St., N.W., Apt 901
Washington, D.C. 20036

_____
Stephen Thomas Yelverton, Esq., Pro Se